```
              UNITED STATES DISTRICT COURT
                   DISTRICT OF NEVADA
                      RENO, NEVADA
```

| | | |
|---|---|---|
| **IN THE MATTER OF** | ) | 3:07-MJ-00068-VPC |
| | ) | |
| **THE EXTRADITION OF** | ) | MINUTES OF THE COURT |
| | ) | |
| **WILBUR JAMES VENTLING,** | ) | |
| **aka JOHN JAMES STEWART,** | ) | **EXTRADITION HEARING** |
| | ) | DATE:  DECEMBER 17, 2007 |
| | ) | |
| | ) | (2:40 p.m. - 3:08 p.m.) |
| | ) | |

PRESENT: HONORABLE ROBERT A. McQUAID, JR.,  U.S. MAGISTRATE JUDGE

Deputy Clerk: Rosemary Damron        Reporter: Donna Davidson

U.S. Attorney by: James Keller

Counsel for Defendant: Michael Powell, Ass't Federal Public Defender

The defendant is present in custody.

The government has submitted two volumes of material in support of the request for extradition, and they are marked as Government's Exhibit A and Government's Exhibit B.  Government's Exhibit A is accompanied by a certification of Keith Powell, II, Consul General of the United States of America at Ottawa, Canada.  Government's Exhibit A includes the warrants.  Government's Exhibit B includes the Declaration of Heather K, McShain, Attorney-Adviser in the Office of the Legal Adviser, Department of State, Washington, D.C.  The treaty and protocols are attached to Government's Exhibit B.

The Court hears the arguments of counsel.

IT IS ORDERED that Government's Exhibits A and B are admitted.  IT IS FURTHER ORDERED  that Defendant's Exhibits 1 and 2 are admitted.

The Court makes its findings on the record.

The Court has authority to hear extradition proceedings, and has personal jurisdiction over Mr. Ventling.  Mr. Ventling was provisionally arrested in Reno on October 10, 2007, at the request

Page Two

of the Government of Canada, pursuant to the Extradition Treaty Between the United States of America and Canada Concerning Extradition of December 3, 1971 (the "Extradition Treaty"), as amended by the Protocol of January 11, 1988 (the "1988 Protocol"), and the Second Protocol of January 12, 2001, a copy of which is included with the Request for Extradition. In accordance with Article 11 of the Extradition Treaty, as amended by Article VI of the 1988 Protocol, the Request for Extradition of Wilbur James Ventling was received through diplomatic channels within the applicable treaty deadline of sixty (60) days after his provisional arrest on or about October 10, 2007.

The offenses for which extradition is sought are extraditable pursuant to Article 2 of the 1971 Treaty, as replaced by Article 1 of the 1988 Protocol. Article 2 of the 1971 Treaty, as replaced by Article 1 of the 1988 Protocol, provides that extradition shall be granted for conduct which constitutes offenses punishable by the laws of both Canada and the United States by imprisonment or other form of detention for a term exceeding one year or any greater punishment. Wilbur James Ventling is charged with one count of rape, in violation of section 144 of the Criminal Code of Canada and one count of causing bodily harm with intent to wound, in violation of section 228 of the Criminal Code of Canada.

The documents submitted by the Government of Canada in support of its extradition request were certified on December 4, 2007, by Keith Powell, II, Consul General of the United States of America in Ottawa, in accordance with Title 18, United States Code, Section 3190. Mr. Powell, at the time of his certification, was the principal consular officer of the United States in Canada.

Based on the record and the Court's findings, IT IS ORDERED that all of the applicable provisions of the Extradition Treaty and of the provisions of Title 18, United States Code, Sections 3181 and 3184 have been complied with, and the Request for Extradition dated December 11, 2007, is granted.

IT IS ORDERED that Wilbur James Ventling shall be surrendered to the appropriate authorities in Canada.

IT IS ALSO ORDERED that this decision and a transcript of these proceedings will be promptly communicated to the Secretary of State and the Canadian Ambassador.

Page Three


IT IS AlSO FURTHER ORDERED that Mr. Ventling is remanded to the custody of the U.S. Marshal for a period not to exceed 60 days. The government may request an extension if the Secretary of State has not signed the appropriate documents within this time frame.

Mr. Keller of the U.S. Attorney's Office will prepare the Certificate of Extraditability which will incorporate the findings of this Court with respect to extradition and to the commitment of Mr. Ventling to the custody of the U.S. Marshal until the Canadian authorities can take custody of him.

IT IS SO ORDERED.


                                      LANCE S. WILSON, CLERK

                                      By: _____/s/_____
                                             Deputy Clerk