STEVEN W. MYHRE
United States Attorney
JAMES E. KELLER
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 784-5438

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF WILBUR JAMES VENTLING, a/k/a/ JOHN JAMES STEWART. | 3:07-MJ-00068-VPC<br><br>CERTIFICATION OF EXTRADITABILITY AND ORDER OF COMMITMENT |

The Court received a Complaint in this matter filed September 26, 2007, by JAMES E. KELLER, Assistant United States Attorney for the District of Nevada, acting on behalf of the Government of Canada, pursuant to its request for the provisional arrest of WILBUR JAMES VENTLING, also known as (a/k/a) JOHN JAMES STEWART. The Government of Canada, subsequent to that date, made a formal request for the extradition of Wilbur James Ventling, a/k/a John James Stewart, a/k/a Denis Arkman, a/k/a Wilburn Hamilton, and a/k/a Wilbur James Schwope.

On December 17, 2007, the Court conducted an extradition hearing at which the authenticated documents submitted by the Government of Canada were received in evidence. The fugitive appeared with counsel, and offered the following evidence in his own behalf: Defense Exhibits 1 and 2, and argument of counsel. The Court has carefully reviewed the evidence, including the Declaration of Heather K. McShain, attorney in the Office of the Legal Adviser, Department of State, and had the opportunity to observe the fugitive's physical characteristics as compared with the evidence of identification before the Court.

1  The Court finds that:

2  1. the undersigned judicial officer is authorized under Title 18, United States Code, Section 3184, to conduct an extradition hearing;

3  2. the Court has personal jurisdiction over the fugitive and subject matter jurisdiction over the case;

4  3. there is currently in force an extradition treaty between the United States and Canada, namely the Extradition Treaty Between the United States of America and Canada of December 3, 1971, which entered into force on March 22, 1976 (TIAS 8237), the Protocol Amending the Extradition Treaty with Canada of January 11, 1988, which entered into force on November 26, 1991, and the Second Protocol Amending the Extradition Treaty with Canada of January 12, 2001, which entered into force on April 30, 2003;

5  4. the fugitive has been charged in the requesting state with one count of rape contrary to section 144 of the Criminal Code of Canada, and one count of causing bodily harm with intent contrary to section 228 of the Criminal Code of Canada;

6  5. these charges constitute extraditable offenses within the meaning of Article 2 of the 1971 Treaty, as replaced by Article I of the 1988 Protocol;

7  6. the requesting state seeks the extradition of the fugitive for trial for these offenses; and

8  7. there is probable cause to believe that Wilbur James Ventling, a/k/a John James Stewart, a/k/a Denis Arkman, a/k/a Wilburn Hamilton, and a/k/a Wilbur James Schwope, the fugitive and the same

person who is before this court, committed the offenses for which his extradition is sought, based upon the evidence contained within the Certificate Of Kevin Powell, II, Counsel General of the United States if America, to be Attached to Documentary Evidence Accompanying Requisitions in the United States for Extradition dated December 4, 2007, including, therein, the affidavit of Kevin Joseph Cyr of the Royal Canadian Mounted Police, sworn to on November 27, 2007 ("Cyr Affidavit").  The Cyr Affidavit includes the following evidence: (1) Tavin Christine Somerset's statements, both on November 2, 2007, and shortly after the crime, reflecting that, on May 27, 1979, at Vernon, in the Province of British Columbia, Wilbur James Ventling claimed to be looking for his lost cat, when he lured Ms. Somerset, who was nine years old at the time, to a wooded area, grabbed her sweater, pulled it over her head, smothered her, gained access to her genitalia, and vaginally raped her, without her consent, causing internal damage to her body requiring emergency medical treatment; (2) the medical reports of Ms. Somerset, indicating the substantial injuries she suffered as a result; (3) the witness statement of Charmaine Brodland, who was one of, if not, the first to observe Ms. Somerset shortly after the crime; (4) witness statements of Patricia Nolan, Dr. Graham Spiller, and Dr. Bryn Jones, medical personnel who were present in the Vernon Jubilee Hospital, when and where Ms. Somerset was treated for her injuries; (5) an analysis of a photograph of a bloody fingerprint left by the assailant of Ms. Somerset at the scene of the crime, and its matching to the fingerprint of Wilbur James Ventling on file with the Las Vegas Metropolitan Police Department; (6) the match of Wilbur

James Ventling's DNA on file with Washoe County Sheriff's Office Forensic Science Division and the DNA sample from the plaid slacks worn by Ms. Somerset during the crime; (7) the DNA match of the DNA sample obtained from Wilbur James Ventling on October 9, 2007, with DNA samples recovered from the plaid slacks, red sweater, and tank top worn by Ms. Somerset during the crime, with the estimated probability of 1 in 42 billion in selecting an unrelated individual at random from the Canadian Caucasian population with the same profile; (8) the physical description, photographs, and other identification information of Wilbur James Ventling; and (9) the Indictment by Information and Warrant for Arrest of Wilbur James Ventling a/k/a John James Stewart in Vernon, British Columbia, collectively which evidence the crimes committed and identifies Wilbur Ventling as the person who committed these crimes at Vernon, Providence of British Columbia.

Based on the foregoing findings, the Court concludes Wilbur James Ventling, a/k/a John James Stewart, a/k/a Denis Arkman, a/k/a Wilburn Hamilton, and a/k/a Wilbur James Schwope is extraditable for each offense for which extradition was requested, and hereby certifies this finding to the Secretary of State as required under Title 18, United States Code, Section 3184.

IT IS THEREFORE ORDERED that a certified copy of this Certification of Extraditability and Order of Commitment (and a copy of any documents or testimony submitted by or on behalf of the fugitI've) be forwarded without delay by the Clerk to the Department of State, to the attention of the Office of the Legal Adviser;

AND IT IS FURTHER ORDERED that Wilbur James Ventling, a/k/a John

1  James Stewart, a/k/a Denis Arkman, a/k/a Wilburn Hamilton, and a/k/a
2  Wilbur James Schwope, be committed to the custody of the United States
3  Marshal for this District for a period of sixty (60) days pending
4  final disposition of this matter by the Secretary of State and
5  surrender to designated agents of the Government of Canada, provided
6  that this period of confinement may be extended upon application by
7  counsel if final disposition by the Secretary of State and surrender
8  to designated agents of the Government of Canada is not accomplished
9  within this sixty (60) day period.

     Dated:   December 18, 2007.

_____
HON. ROBERT A. McQUAID, JR.
UNITED STATES MAGISTRATE JUDGE